UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENWOOD DIVISION

| | |
|---|---|
| William Edward Bull, III, | ) Civil Action No.: _____ |
| Plaintiff, | ) |
| vs. | ) COMPLAINT |
| | ) (Jury Trial Requested) |
| Southern Health Partners, Inc., | ) |
| Defendant. | ) |

## PARTIES

1. The Plaintiff, Edward Bull, is a citizen and resident of the state of Virginia.

2. The Defendant, Southern Health Partners, Inc., is a Delaware corporation doing business in the State of South Carolina, specifically in Newberry County. At all times mentioned herein, this Defendant operates, manages, and/or controls the medical staff providing services to detainees located at Newberry County Detention Center. At all times mentioned, this Defendant was acting by and through its agents, servants, and/or employees, including but not limited to the medical staff at Newberry County Detention Center, and had a doctor/patient relationship with the Plaintiff.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction to adjudicate the allegations set forth herein pursuant to 28 U.S.C. § 1332(a) because the Plaintiff and Defendant are citizens of different states and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

1

4.     Venue and Jurisdiction are proper in this Court because a substantial part of the events or omissions giving rise to these allegations occurred in Newberry County, South Carolina.

## FACTS

5.     On December 19, 2013, while incarcerated at the Newberry County Jail, Plaintiff submitted a medical request because of difficulty urinating and bowel problems, which he believed to be related to cauda equina syndrome.

6.     The medical staff responded that they did not know what cauda equine syndrome was and refused to have him seen by a doctor.

7.     Plaintiff continued to express concern to medical staff that if he did not see a doctor, his condition would be permanent. Instead of listing to his concerns, Plaintiff was threatened by medical staff to keep his mouth shut.

8.     Plaintiff was not seen by medical until three days later on December 23, 2013. At that time, it was noted he was unable to use the bathroom, had not had a bowel movement, and his sciatica was acting up. He stated he had to push with his hand to void.

9.     Plaintiff informed the medical staff at the detention center that he continued to experience lower back pain, some radiculopathy, paresthesia, and was having difficulty going to the bathroom. He still suspected cauda equina syndrome. The nurse instructed him to take milk of magnesia and mineral oil to get his bowels moving.

10.     He continued to have symptoms for a month and was finally seen by medical again on January 28, 2014. There was no follow up treatment provided regarding his cauda equina symptoms. Instead of providing any treatment for his condition, he was put in an observation cell because of his complaints and his activities were severely restricted.

11. Upon information and belief, the Defendant has a contract with the County to provide medical services to inmates at the Newberry County Jail and is required to pay for any treatment outside of the detention center. Therefore, Defendant has incentive to treat inmates in-house at the jail rather than sending them to the hospital for medical treatment. As a result, Plaintiff was not sent to the hospital for further evaluation of his symptoms.

12. The above actions and/or omissions by the Defendant have caused the Plaintiff to endure continuous and unnecessary pain and suffering. Plaintiff continues to have significant problems, including bowel problems, which are permanent in nature.

### **FIRST CAUSE OF ACTION AGAINST THE DEFENDANT**
(NEGLIGENCE)

13. The Plaintiff realleges the allegations contained in all previous paragraphs as if repeated verbatim.

14. The above set forth incidents and the Plaintiff's resulting injuries and damages were proximately caused by the negligent, grossly negligent, reckless, willful, and wanton acts of the Defendant, by and through their agents, servants, and/or employees in one, more, or all of the following particulars:

   a) In failing to properly evaluate the Plaintiff;

   b) In failing to properly care for and treat the Plaintiff's condition;

   c) In failing to properly consider the possibility of cauda equina syndrome given the Plaintiff's suggestive symptoms;

   d) In failing to immediately evaluate the Plaintiff when he reported symptoms of bowel incontinence and difficulty voiding;

   e) In failing to perform the proper examination;

3

    f) In failing to properly diagnose the Plaintiff's condition;

    g) In threatening Plaintiff to keep his mouth shut about his concerns;

    h) In failing to recognize signs and symptoms of developing cauda equina syndrome; and

    i) In failing to take any immediate steps toward correcting the onset of cauda equina syndrome.

14. As a direct and proximate result of the aforementioned acts on behalf of the Defendant, the Plaintiff has unjustifiably suffered and continues to suffer, and further, the Plaintiff has suffered ACTUAL, CONSEQUENTIAL, and PUNITIVE DAMAGES.

WHEREFORE, the Plaintiff pray judgment against the Defendant for ACTUAL, CONSEQUENTIAL, AND IF ALLOWED, PUNITIVE DAMAGES, together with costs of this action and for such other and further relief as this Court may deem fit, just and proper.

Respectfully Submitted,

s/J. Edward Bell, III
J. Edward Bell, III, Fed ID 1280
Deloris K. Cromartie, Fed ID 11120
Bell Legal Group, LLC
219 N. Ridge Street
Post Office Box 2590 (29442)
Georgetown, SC 29440
(843) 546-2408
(843) 546-9604 facsimile

**Attorneys for the Plaintiff**

Georgetown, South Carolina
June 6, 2017

4